Law Offices of Michael Z. Goldman
Michael Z. Goldman
100 Church Street, Suite 800
New York, NY 10007
212 901-3799
michael@mzglaw.com

*Attorney for Petitioner*

# UNITED STATES DISTRICT COURT
# NORTHEN DISTRICT OF NEW YORK

| | |
|---|---|
| **Walterley Robson Martins,**<br><br>     *Petitioner*,<br>  v.<br><br>**Frederick J. Akshar II,**<br> in his official capacity as Sheriff,<br> **Broome County Correctional Facility;**<br><br>**Judith Almodovar,**<br> in her official capacity as Acting New York<br> Field Office Director, U.S. Immigration &<br> Customs Enforcement;<br><br>**Kristi Noem,**<br> in her official capacity as Secretary, U.S.<br> Department of Homeland Security;<br><br>**Todd M. Lyons,**<br> in his official capacity as Acting Director of<br> Immigration & Customs Enforcement; and<br><br>**Pamela Bondi,**<br> in her official capacity as Attorney General,<br> U.S. Department of Justice,<br><br>     *Respondents.* | Case No. 9:26-cv-95 MAD<br><br><br>**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

  Petitioner ("Petitioner" or "Mr. Martins") petitions for a writ of habeas corpus under

28 U.S.C. § 2241, challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). On December 10, 2025, ICE detained him without an individualized assessment that he posed a flight risk or a danger to the community and, therefore, without due process. Since then, he has remained detained without the ability to present himself at a bond hearing. He therefore seeks immediate release from custody, or, in the alternative, the opportunity for a bond hearing.

## STATEMENT OF FACTS

1. Mr. Martins entered the United States by crossing the border without inspection on or about April 15, 2021. He has not left the United States since then.

2. On December 10, 2025, ICE detained Mr. Martins without an individualized assessment that he posed a flight risk or a danger to the community and, therefore, without due process. Since then, he has remained detained without the ability to present himself at a bond hearing.

3. As of the date of this habeas corpus filing, upon information and belief, Mr. Martins is being detained at the Broome County Correctional Facility, 155 Lt Vanwinkle Dr., Binghamton, NY 13905.

## PARTIES

4. Petitioner Mr. Martins is presently detained, upon information and belief, at the Broome County Correctional Facility, 155 Lt Vanwinkle Dr., Binghamton, NY 13905.

5. Respondent Frederick J. Akshar II, is the Sheriff of the Broome County Correctional Facility, and is the direct legal custodian of Mr. Martins. He is sued in his official capacity.

6. Respondent Judith Almodovar is the ICE New York Acting Field Office Director. She is responsible for carrying out ICE's immigration detention operations in New York City. Respondent Almodovar is a legal custodian of Mr. Martins. She is sued in her official capacity.

7. Respondent Kristi Noem is named in her official capacity as the Secretary of DHS. In this capacity she is responsible for the administration of the immigration laws pursuant to Section 402 of the Homeland Security Act of 2002. 107 Pub. L. 296 (November 25, 2003); *see also* 8 U.S.C. § 1103(a); routinely transacts business in the District of New York; and is legally responsible for Mr. Martins's incarceration and removal. She is therefore a custodian of Mr. Martins. Respondent Noem's office is located at DHS headquarters in Washington, DC, 20528.

8. Respondent Todd M. Lyons is the Acting Director of ICE. As the head of ICE, he is responsible for decisions related to detaining and removing certain noncitizens. Director Lyons is a legal custodian of Mr. Martins.

9. Respondent Pamela Bondi is named in her official capacity as the Attorney General of the United States. She is responsible for the administration of the immigration laws as exercised by EOIR, pursuant to 8 U.S.C. § 1103(g). She routinely transacts business in the District of New Jersey, and is legally responsible for administering Mr. Martins's removal proceedings as well as the procedural standards used in those proceedings. She is therefore a legal custodian of Mr. Martins. Respondent Bondi's office is at DHS of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530.

## JURISDICTION AND VENUE

10. Respondents incarcerated Mr. Martins on December 10, 2025, and he is under the direct control of Respondents and their agents.

11. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA").

12. Federal courts have subject matter jurisdiction under 28 U.S.C. § 2241(c)(1) and (c)(3) (habeas corpus) to determine whether people imprisoned in federal custody are held in violation of law. *INS v. St. Cyr*, 533 U.S. 289, 305 (2001).

13. Jurisdiction is also proper pursuant to 28 U.S.C. § 1331 (federal question); 5 U.S.C. § 702 (waiver of sovereign immunity); 28 U.S.C. § 1346 (original jurisdiction); Article I, § 9, cl. 2 of the U.S. Constitution (Suspension Clause); the All Writs Act, 28 U.S.C. § 1651; and 28 U.S.C. §§ 2201-2202 (Declaratory Judgement Act).

14. Further, the Court has jurisdiction to grant injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, 1651, 2241, and the All Writs Act, 28 U.S.C. § 1651. Mr. Martins's detention constitutes a "severe restraint[] on his individual liberty" interest such that Mr. Martins is "subject to restraints not shared by the public generally" and "in custody in violation of the . . . laws . . . of the United States." *See Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).

15. The federal district courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the lawfulness of their detention by DHS. *Jennings v. Rodriguez*, 583 U.S. 281, 292-95 (2018); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

16. Venue properly lies in the Northern District of New York. 28 U.S.C. §§ 1391(b)(2), (e). This petition is filed while Mr. Martins is physically present within the district, as he is incarcerated in Broome County, NY.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. Exhaustion is not necessary because Congress did not codify a requirement that petitioners seeking a writ of habeas corpus exhaust administrative remedies. *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required… But where Congress has not clearly required exhaustion, sound judicial discretion governs.") (citation omitted).

18. Further, exhaustion of remedies is unnecessary if futile. *See Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (Sotomayor, J.) (as amended) (judicial exhaustion may be excused when "available remedies provide no genuine opportunity for adequate relief" or exhaustion "would be futile"). Here, exhaustion would be futile because the Board of Immigration Appeals, in the precedential decision of *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) ("*Hurtado*"), held that individuals deemed inadmissible for being present in the United States without having been admitted or paroled (e.g., those who crossed the border without inspection) are subject to mandatory detention without the opportunity for a bond hearing.

19. Finally, even if meaningful administrative remedies were promptly available, Mr. Martins, as a noncitizen challenging the lawfulness of his ongoing immigration detention, is not required to exhaust those remedies under 8 U.S.C. § 2241. *See Louisaire v. Muller*, 758 F. Supp. 2d 229, 234 (S.D.N.Y. 2010).

# ARGUMENT

## COUNT ONE
## FIFTH AMENDMENT – DUE PROCESS
## DENIAL OF OPPORTUNITY TO CHALLENGE CONTINUED DETENTION

1. Petitioner repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

2. The Due Process Clause of the Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

3. Procedural due process requires that the government be constrained before it acts in a way that deprives individuals of liberty interests protected under the Due Process Clause of the Fifth Amendment.

4. Mr. Martins is indisputably entitled to the protections of the Due Process Clause. *See Zadvydas v. Davis,* 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."). Mr. Martins has lived in the United States continuously since April 2021.

5. Respondents have deprived Mr. Martins of his liberty interest protected by the Fifth Amendment by detaining him since December 10, 2025, without any hearing to determine whether his ongoing detention is justified.

6. To the extent that Respondents claim that Mr. Martins is precluded from challenging his detention because of how he entered the United States, DHS's interpretation of the law is incorrect. A vast number of federal district courts have rejected the rationale of *Hurtado* and have instead ruled that non-citizens present in the United States charged

6

as being present without admission or parole are detained under § 1226(a) and therefore have the right to a bond hearing. *See, e.g., Ulloa Montoya v. Bondi,* 25-CV-06363 (JMA), 2025 WL 3718694, at *6 (E.D.N.Y. Dec. 23, 2025); *Rodriguez-Acurio v. Almodovar,* --- F. Supp. 3d ---, 2025 WL 3314420, at *31-*32 (E.D.N.Y. 2025); *Rocano Buestan v. McShane,* No. 25-CV-8544 (JGLC), 2025 WL 3496361, at *6 (S.D.N.Y. Dec. 5, 2025); *Cuy Comes v. DeLeon*, No. 25 CIV. 9283 (AT), 2025 WL 3206491, at *6 (S.D.N.Y. Nov. 14, 2025). *See also Betancourt Soto v. Soto,* --- F. Supp. 3d ---, 2025 WL 2976572 (D.N.J. Oct. 22, 2205) (rejecting argument that petitioner charged as being present without admission or parole is detained under § 1225(b)(2), and instead finding detention under § 1226(a)); *Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL 2753496, at *7–9 (D.N.J. Sept. 26, 2025) (same).

7. Respondents' actions in detaining Mr. Martins without any procedure to contest his ongoing unlawful detention violates the Fifth Amendment.

## COUNT TWO
## FIFTH AMENDMENT – SUBSTANTIVE DUE PROCESS

8. Petitioner repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

9. Petitioners' continued detention of Mr. Martins violates his right to substantive due process protected by the Fifth Amendment.

10. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Any deprivation of this fundamental liberty interest must be accompanied not only by adequate procedural protections, but also by a "sufficiently strong special justification" to outweigh the significant deprivation

7

of liberty. *Id.*

11. Mr. Martins should not be detained. He is neither a flight risk, nor a risk to public safety or national security. Accordingly, Respondents cannot show any valid justification—let alone a "sufficiently strong special justification"—for depriving Mr. Martins of his fundamental rights.

12. For all of the foregoing reasons, Mr. Martins's continued detention is in violation of his substantive due process rights.

## COUNT THREE
## ADMINISTRATIVE PROCEDURE ACT

13. Petitioner repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

14. The Administrative Procedure Act ("APA") provides a right to sue when an individual has been "aggrieved" by a "final agency action for which there is no other adequate remedy in court." 5 U.S.C. § 704.

15. Respondents' actions in detaining and seeking to remove Mr. Martins were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and without observance of procedure required by law, in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A)-(D).

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Martins prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Enjoin Respondents from transferring Mr. Martins outside of the jurisdiction of the Eastern District of New York pending the resolution of this case;

3) **Issue a writ of habeas corpus directing Respondents to provide Mr. Martins's immediate release from custody**. *See Ulloa Montoya v. Bondi,* 25-CV-06363 (JMA), 2025 WL 3718694, at *6 (E.D.N.Y. Dec. 23, 2025); *Rodriguez-Acurio v. Almodovar*, --- F. Supp. 3d ---, 2025 WL 3314420, at *31-*32 (E.D.N.Y. 2025); *Rocano Buestan v. McShane*, No. 25-CV-8544 (JGLC), 2025 WL 3496361, at *6 (S.D.N.Y. Dec. 5, 2025); *Cuy Comes v. DeLeon*, No. 25 CIV. 9283 (AT), 2025 WL 3206491, at *6 (S.D.N.Y. Nov. 14, 2025);

4) Award Mr. Martins attorney's fees and costs under the Equal Access to Justice Act ("EAJA") as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law; and

5) Grant any other and further relief that this Court deems just and proper.

Dated: January 20, 2026                                     Respectfully submitted,

                                                              /s/ Michael Z. Goldman
100 Church Street, Suite 800
New York, NY 10007
212 901-3799
michael@mzglaw.com

*Attorney for Petitioner*

## **VERIFICATION**

I, /s/ Michael Z. Goldman, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that, on information and belief, the factual statements in the foregoing Petition for Writ of Habeas Corpus are true and correct.

Dated: January 20, 2026

## CERTIFICATE OF SERVICE

I, Michael Z. Goldman, certify that on January 20, 2026, I electronically filed the attached the foregoing Petition for Habeas Corpus with the Clerk of the Court for the United States District Court for the Northen District of New York using the CM/ECF system. Service will therefore be effected by the CM/ECF system.

/s/ Michael Goldman_____

                                                   The Law Offices of Michael Z. Goldman
                                                   100 Church St., Suite 800
                                                   New York, NY 10007
                                                   212 901-3799
                                                   michael@mzglaw.com

                                                   *Attorney for the Petitioner*