Law Offices of Michael Z. Goldman
Michael Z. Goldman
100 Church Street, Suite 800
New York, NY 10007
212 901-3799
michael@mzglaw.com

*Attorney for Petitioner*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Walterley Robson Martins,**<br><br>　　　　　　*Petitioner*,<br>　　v.<br><br>**Frederick J. Akshar II,**<br>　in his official capacity as Sheriff,<br>　Broome County Correctional Facility;<br><br>**Judith Almodovar,**<br>　in her official capacity as Acting New York<br>　Field Office Director, U.S. Immigration &<br>　Customs Enforcement;<br><br>**Kristi Noem,**<br>　　in her official capacity as Secretary, U.S.<br>　Department of Homeland Security;<br><br>**Todd M. Lyons**,<br>　in his official capacity as Acting Director of<br>　Immigration & Customs Enforcement; and<br><br>**Pamela Bondi,**<br>　　in her official capacity as Attorney General,<br>　　U.S. Department of Justice,<br><br>　　　　　　*Respondents.* | **Case No. 9:26-cv-00095-MAD**<br><br><br>**APPLICATION FOR ORDER TO SHOW CAUSE** |

Pursuant to 28 U.S.C. § 2243, Petitioner respectfully requests that this Court "forthwith" issue an order directing Respondents to show cause why the petition for a writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2241 should not be granted.

1. Petitioner challenges his present unlawful detention. *See* Petition for Writ of Habeas Corpus, ECF No. 1.

2. The federal habeas corpus statute provides that "[a] court, justice or judge entering a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

3. Section 2243 further provides that the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

4. Section 2243 further provides that the court shall hold a hearing on the writ or order to show cause "not more than five days after the return unless for good cause additional time is allowed."

5. In addition, Section 2243 states that the court "shall summarily hear and determine the facts, and dispose of the matter as law and justice require."

6. Pursuant to Section 2243, Petitioner requests that the Court immediately issue an Order to Show Cause directing Respondents to file a return within three days of the Court's order, showing cause, if any, why the writ of habeas corpus should not be granted, and to provide Petitioner an opportunity to file a reply within three days after Respondents file the return.

7. As a corollary request, Petitioner asks the Court enjoin Respondents from moving him from the jurisdiction of the Northern District of New York while his Petition for Habeas

Corpus is being considered by this Court.[1]

Dated: January 21, 2026                                                                                    Respectfully submitted,

        /s/ Michael Z. Goldman
        100 Church Street, Suite 800
        New York, NY 10007
        212 901-3799
        michael@mzglaw.com

        *Attorney for Petitioner*

---

[1] Numerous courts have found authority to issue such an order in The All Writs Act, 28 U.S.C. § 1651(a), which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *See Perez Y Perez v. Noem*, 2025 WL 1908284, at *2, 25-CV-4828 (DEH) (S.D.N.Y. June 13, 2025) ("In light of Petitioner's interests in participating in further proceedings before this Court and in maintaining adequate access to legal counsel through these proceedings, Petitioner shall not be subsequently transferred except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court."); *Ozturk v. Trump*, No. 25 Civ. 374, 2025 WL 1145250, at *15 (D. Vt. Apr. 18, 2025) (ordering petitioner's transfer from Louisiana to Vermont due, in part, to her pending habeas petition), *stay and mandamus denied*, *Ozturk v. Hyde*, 136 F.4th 382, 403 (2d Cir. 2025); Order, *Sillah v. Barr*, No. 19 Civ. 1747 (S.D.N.Y. Feb. 25, 2019), ECF No. 6 (enjoining respondents from transferring defendant outside of the New York City area while defendant's habeas petition was pending). *See also Arostegui-Maldonado v. Baltazar*, -- F.Supp.3d --, No. 25-cv-2205, 2025 WL 2280357, at *16 (D. Colo. Aug 8, 2025) (relying on All Writs Act to enter an injunction preventing immigration detainee's transfer out of the District of Colorado during the pendency of his habeas action).